United States District Court
Southern District of Texas
**ENTERED**
May 22, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAM DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-1514 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Petitioner Michael William Davis's petition for a writ of habeas corpus and Respondent Eric Guerrero's answer. Having carefully considered the petition, the answer, Davis's response, all the arguments and authorities submitted by the parties, and the relevant record, the Court is of the opinion that Davis's petition should be denied.

## I. Background

Montgomery County Precinct 5 Constable's Deputy Scott Hazelwood saw two speeding vehicles, one of which was driven by Davis. 2 R.R. 104-06. Hazelwood's radar indicated that Davis's vehicle was going 80 miles-per-hour in a 50 miles-per-hour zone. 2 R.R. 107. Hazelwood activated his lights and siren and followed Davis, reaching speeds of over 100 miles-per-hour. 2 R.R. 107–08, 112, 139, 140. Davis ran through red lights and intersections, and

swerved around several other vehicles, including a few emergency vehicles responding to an unrelated accident.  2 R.R. 108-09, 111, 112, 113-14.  Finally, Davis crashed into a light-box and another vehicle when he attempted to turn at a too-high rate of speed.  2 R.R. 120,123.  The high-speed chase lasted for more than seven minutes, and covered nine miles through two counties.  2 R.R. 111; 4 R.R. 4.

Davis was convicted by a jury in the 435th District Court of Montgomery County, Texas, of evading arrest or detention, enhanced to habitual offender status by two prior convictions for aggravated assault of a public servant and robbery.  The trial court sentenced him to a 40-year term of imprisonment.

Texas's Ninth Court of Appeals affirmed.  Davis v. State, No. 09-22-00196-CR, 2023 WL 2521901 (Tex. App. – Beaumont Mar. 15, 2023).  Davis filed a state habeas corpus application, which was denied by the Texas Court of Criminal Appeals.  He then filed this federal petition for a writ of habeas corpus, which he later amended.

## II.  Standard of Review

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320, 335-36 (1997).  Under the AEDPA federal habeas relief based upon claims that were adjudicated on the merits cannot be granted unless the

state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); Kitchens v. Johnson, 190 F.3d 698, 700 (5th Cir. 1999).

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  See 28 U.S.C. § 2254(d)(2); Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000). The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see also Jackson v. Anderson, 112 F.3d 823, 824-25 (5th Cir. 1997).

### III.  Analysis

Davis's Amended Petition raises 10 claims for relief, including subclaims.  These are addressed in turn.

### A.    Unexhausted Claims

Davis did not present in Texas courts his claims of vindictive prosecution, ineffective assistance of appellate counsel, or his claims that trial counsel was ineffective by failing to argue for a lesser included offense instruction, failing to obtain jury

instructions on <u>mens rea</u> and culpable mental states, and failing to present evidence supporting a theory of the absence of causation.

The AEDPA requires that a prisoner exhaust his available State remedies before raising a claim in a federal habeas petition.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).   As the Fifth Circuit explained in a pre-AEDPA case, "federal courts must respect the autonomy of state courts by requiring that petitioners advance in state court all grounds for relief, as well as factual allegations supporting those grounds."  <u>Knox v. Butler,</u> 884 F.2d 849, 852 n.7 (5th Cir. 1989). "[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." <u>Orman v. Cain,</u> 228 F.3d 616, 619-20 (5th Cir. 2000); <u>see</u> 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."). Because Petitioner did not present these claims to the Texas state courts, he has failed to properly exhaust them, and this Court may not consider them.  <u>Knox,</u> 884 F.2d at 852 n.7.

-4-

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed without prejudice, allowing the petitioner to return to the state forum to present his unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). Such a result in this case, however, would be futile because Petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground. Martin v. Maxey, 98 F.3d 844, 847 (5th Cir. 1996). A procedural bar for federal habeas review also occurs if the court to which a petitioner must present his claims to satisfy the exhaustion requirement would now find the unexhausted claims procedurally barred. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

Texas prohibits successive writs challenging the same conviction except in narrow circumstances. Tex. Code Crim. Proc. Ann. art. 11.071 § 5(a). The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational

juror could have found the applicant guilty beyond a reasonable doubt; or

(3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under Article 37.071, 37.0711, or 37.072.

Id. The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

Davis does not claim that he could not have presented the claims in his direct appeal or his state habeas petition because the factual basis for the claim did not exist.  To the extent that his claim that he was incapable of forming the requisite mens rea is a claim that he is actually innocent, it fails.  As discussed below, the expert report that Davis argues should have been presented does not support his argument. Moreover, the evidence shows that he led police on a high-speed chase through two counties that lasted several minutes.  These actions clearly evince an intent to evade arrest, i.e., the requisite mens rea, and negate any claim of actual innocence.

Davis's unexhausted claims do not fit within the exceptions to the successive writ statute and would be procedurally defaulted in the Texas courts.  Coleman, 501 U.S. at 735 n.1.  That bar precludes this Court from reviewing the claims absent a showing of cause for the default and actual prejudice attributable to the

default, or that this Court's refusal to review the claim will result in a fundamental miscarriage of justice. Id. at 750.

"Cause" for a procedural default requires a showing that some objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule, or a showing of a prior determination of ineffective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Amadeo v. Zant, 486 U.S. 214, 222 (1988). Davis does not show any such external cause.

While Davis argues that he was unaware that he could file his own brief in addition to his counsel's appellate brief, his ignorance of the law does not constitute cause. See, e.g., Saahir v. Collins, 956 F.2d 115, 118-19 (5th Cir. 1992). Moreover, Davis represented himself in his state habeas application and could have raised these claims there, but did not do so. Because Davis fails to demonstrate cause for his default, these claims are barred from review.

**B.   Compulsory Process**

In his second claim for relief, Davis argues that he was denied his Sixth Amendment right to compulsory process when expert witness Wendy Elliott was not called as a trial witness. Davis raised this claim in his state habeas petition and the TCCA found that it was not cognizable on collateral review.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as

-7-

> a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750. In Texas state courts, claims that are based on the trial record must be raised on direct appeal, not in collateral proceedings. See, e.g., Ex Parte Dutchover, 779 S.W.2d 76, 77 (Tex. Crim. App. 1989); Ex Parte Banks, 769 S.W.2d 539 (Tex. Crim. App. 1989). Because the State habeas court found that this claim was procedurally defaulted when it was raised for the first time in a habeas application, i.e., rejected it on independent and adequate state grounds, this Court may not review the claim absent a showing of cause and prejudice. Davis makes no such showing.

## C. Ineffective Assistance of Trial Counsel

Davis raises three undefaulted claims of ineffective assistance of trial counsel. He contends that counsel was ineffective by: (1) Failing to argue or present evidence that Davis lacked the requisite mental state to be guilty of the charged crime; (2) Failing to argue that the evidence was insufficient to support a finding that Davis had the requisite mental state; and (3) Failing to obtain a jury instruction on a "mistake of fact" defense.

To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors

-8-

were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the Strickland test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. Reasonableness is measured against prevailing professional norms and must be viewed under the totality of the circumstances. Id. at 688. Review of counsel's performance is deferential. Id. at 689. In assessing prejudice, "Strickland asks whether it is reasonably likely the result would have been different," if not for counsel's deficient performance. Harrington v. Richter, 562 U.S. 86, 111 (2011) (internal quotation marks omitted).

Davis contends that counsel rendered ineffective assistance by failing to propose or request a jury instruction on the defense of mistake of fact. Under Texas law,

> (a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.
>
> (b) Although an actor's mistake of fact may constitute a defense to the offense charged, he may nevertheless be convicted of any lesser included offense of which he would be guilty if the fact were as he believed.

Tex. Penal Code Ann. § 8.02 (West).

While he argues that counsel should have proposed or requested an instruction on mistake of fact, Davis does not identify any pertinent fact about which he was mistaken. Without any factual basis supporting the defense, Davis fails to show that counsel

rendered deficient performance.  He is not entitled to relief on this claim.

**D.   Due Process**

Davis next claims that he was denied due process when the State did not present testimony by Dr. Elliott who prepared an expert report concluding, Davis contends, that Davis was incapable of forming the requisite mens rea.

The state habeas court made several findings that undermine Davis's claim.  That court found that Davis presented Elliott's report during the punishment phase of his trial, thereby undercutting any claim that the report was suppressed.  The habeas court also found that, while Dr. Elliott found that Davis had borderline intellectual functioning and may have suffered brain trauma, she did not conclude that he was incapable of forming the requisite mental state to commit the crime with which he was charged.  Moreover, the court found that the report contained material that was potentially harmful to Davis's case.  Docket Entry No. 44-1 at 88. Davis fails to show that these conclusions are unreasonable, and therefore fails to show either ineffective assistance of counsel or a denial of due process resulting from counsel's failure to present this evidence.

## IV.   Conclusion

For the foregoing reasons, Davis's Amended Petition for a Writ of Habeas Corpus is **DENIED**.

-10-

## V.   Certificate of Appealability

Davis has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA sua sponte.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.")  A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1988); see also Hill v. Johnson, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").  "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone."  Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve

-11-

the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . . the district court denies a habeas petition on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court has carefully considered Davis's amended petition. The Court finds that reasonable jurists would not find it debatable that Davis's claims are foreclosed by clear, binding precedent. Davis thus fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court therefore concludes that Davis is not entitled to a certificate of appealability.

## VI. Order

For the foregoing reasons, the Amended Petition is **DENIED** and this action will be dismissed with prejudice. No certificate of appealability shall issue.

-12-

The Clerk shall notify all parties and provide them with a true copy of this Memorandum Opinion and Order.

**SIGNED** at Houston, Texas, on this the 22nd day of May, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE